UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ENERGY INTELLIGENCE GROUP, INC. and ENERGY INTELLIGENCE GROUP (UK) LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>GRANT PRIDECO, INC. D/B/A NOV GRANT PRIDECO,<br><br>Defendant. | Civil Action No. 4:15-cv-3372<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR TRIAL BY JURY** |

### PLAINTIFFS' COMPLAINT

Plaintiffs Energy Intelligence Group, Inc. ("EIG") and Energy Intelligence Group (UK) Limited ("EIG UK") (collectively "Plaintiffs"), by and through their undersigned counsel, allege the following for their complaint against Grant Prideco, Inc. ("Defendant") based on personal knowledge and on information and belief, as appropriate.

### INTRODUCTION

1.      Plaintiffs bring this action against Defendant under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* ("Copyright Act") for, among other things, willful infringement of Plaintiffs' registered copyrights.

### THE PARTIES

2.      Plaintiff EIG is a Delaware corporation with its principal place of business located at 5 East 37th Street, New York, New York 10016-2807.

3.      Plaintiff EIG UK is a United Kingdom limited company with a principal place of business located at Interpark House 7, Down Street, London, WC1V 6PW United Kingdom.

4. On information and belief, Defendant Grant Prideco is a corporation organized under the laws of the State of Delaware with its principal place of business in Houston, Texas, and operates offices throughout the United States of America.

5. On information and belief, on or about December 17, 2007 Defendant agreed to become part of National Oilwell Varco ("NOV") effective in the spring of 2008, and since that time Defendant has operated as a subsidiary of NOV, sometimes under the name NOV Grant Prideco.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over causes of action alleging copyright infringement pursuant to Sections 501, *et seq.* of the Copyright Act. Additionally, the Court has federal-question subject-matter jurisdiction under 28 U.S.C. § 1331 because the federal courts are vested with exclusive jurisdiction in copyright cases. 28 U.S.C. §1338(a).

7. This Court has personal jurisdiction over Defendant because Defendant resides in and has its principal place of business in the State of Texas and this District.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a). Furthermore, upon information and belief, many of the acts of infringement alleged in this Complaint occurred within this District

## FACTUAL BACKGROUND

**A. The Plaintiffs' publications**

9. Plaintiffs, and their predecessors-in-interest, have been engaged in publishing newsletters and other publications for the highly-specialized global energy industry for over six decades. In particular, Plaintiffs have published the weekly newsletter *Oil Daily* ("OD") since at least as early as 1951.

10. The audience for Plaintiffs' publications, including OD, consists of individuals with an interest in the oil and gas industries, including bankers, investors, stock market analysts, traders,

commodity analysts and others who follow or work in these industries. A representative copy of OD, specifically the March 2, 2015 issue of OD (the "March 2, 2015 OD Copyrighted Work"), is attached as Exhibit A.

11.     Plaintiffs' focus is on providing original, high-quality articles and analysis relating to the oil and gas industries through OD and their other publications. Plaintiffs have invested significant time and resources to develop their publications and services, including OD.

12.     Plaintiffs' publications do not feature or have any advertisements or sponsors and Plaintiffs are therefore highly dependent on paid subscriptions to sustain the viability of their publications.

13.     Plaintiffs maintain an experienced and knowledgeable editorial staff of approximately sixty (60) reporters, editors, and analysts at seven (7) editorial bureaus located in New York, Washington, D.C., Houston, London, Moscow, Dubai and Singapore.

14.     The original content and analysis created by Plaintiffs, and included in OD and their other original publications, are valuable assets. Plaintiffs also publish other original publications in addition to OD, including, but not limited to:

> Petroleum Intelligence Weekly;
> Energy Compass;
> Energy Intelligence Briefing;
> EI Finance;
> International Oil Daily;
> Jet Fuel Intelligence;
> LNG Intelligence;
> Natural Gas Week;
> NGW's Gas Market Reconnaissance;
> Nefte Compass;
> Oil Market Intelligence;
> Nuclear Intelligence Weekly;
> World Gas Intelligence;
> EI New Energy;
> Petroleum Intelligence Weekly Data Source;
> Oil Market Intelligence Data Source;
> Natural Gas Weekly Data Source;

        World Gas Intelligence Data Source;
        Nefte Compass Data Source; and
        EI New Energy Data Source.

15. Plaintiffs have developed an invaluable reputation for their extremely high journalistic standards and the reliability of the content of all of their publications, including OD.

16. In order for third parties to benefit from Plaintiffs' analytical and creative content contained in OD and Plaintiffs' other original publications, Plaintiffs require interested parties to purchase various subscriptions to access the valuable content contained therein.

17. Interested parties have various subscription options depending on their respective needs. Subscribers typically obtain OD and Plaintiffs' other publications by email and/or from Plaintiffs' website, which permits password-protected access to current and/or archived issues, pursuant to a subscription or license agreement.

18. Interested parties that do not maintain a subscription or license agreement may also purchase individual articles appearing in OD and Plaintiffs' other publications, as well as archived articles, using Plaintiffs' pay-per-article service. The license fee per article, per copy, for the OD publication is $9.00. The license fee for this pay-per-article service is multiplied by the number of copies of the requested article to calculate the total licensing fee.

19. Interested parties that do not maintain a subscription or license agreement may also purchase individual issues of OD and others of Plaintiffs' publications, as well as archived issues, from Plaintiffs using Plaintiffs' pay-per-issue service. The license fee per issue, per copy, for the OD publication is $95.00. The license fee for this pay-per-issue service is multiplied by the number of copies of the requested issue to calculate the total licensing fee.

**B.** **The Copyrights Owned by Plaintiffs**

20. Plaintiffs provide copyright notices and warnings on its website, emails, articles and publications, including OD, so that third parties are aware of Plaintiffs' rights in their

publications and works of original authorship ("Copyright Notice and Warnings"). As an example, the Copyright Notice and Warnings contained in the email transmitting the March 2, 2015 OD Copyrighted Work state:

> Copyright (c) 2015 Energy Intelligence Group, Inc. All rights reserved.
>
> Reproduction or distribution internally or externally in any manner (photostatically, electronically, or via facsimile), including by sharing printed copies, or forwarding or posting on local- and wide-area networks and intranets, or sharing user name and password, is strictly prohibited without appropriate license from Energy Intelligence -- contact CustomerService@energyintel.com for more information.

A true and accurate copy of the Copyright Notice and Warnings contained in the email transmitting the March 2, 2015 OD Copyrighted Work is attached as Exhibit B.

21. As an additional representative example, the Copyright Notice and Warnings on the front cover of the March 2, 2015 OD Copyrighted Work specifically state: "Copyright © 2015 Energy Intelligence Group. All rights reserved. Unauthorized access or electronic forwarding, even for internal use, is prohibited." (Exhibit A).

22. As a further representative example, the Copyright Notice and Warnings in the masthead of the March 2, 2015 OD Copyrighted Work specifically state:

> Copyright © 2015 by Energy Intelligence Group, Inc. ISSN 1529-4366. Oil Daily ® is a registered trademark of Energy Intelligence. All rights reserved. Access, distribution and reproduction are subject to the terms and conditions of the subscription agreement and/or license with Energy Intelligence Group. Access, distribution, reproduction or electronic forwarding not specifically defined and authorized in a valid subscription agreement or license with Energy Intelligence is willful copyright infringement. Additional copies of individual articles may be obtained using the pay-per-article feature offered at www.energyintel.com.

(Exhibit A at 7).

23. Based on these representative examples of the Copyright Notice and Warnings, Plaintiffs are in compliance with the copyright notice requirements set forth in the Copyright Act, 17

U.S.C. § 401. Accordingly, Defendant knew, or should have known, that the March 2, 2015 OD Copyrighted Work, and all other issues of OD received by Defendant (collectively the "OD Copyrighted Works"), were protected by the U.S. copyright laws.

24. Having complied with the copyright notice requirements set forth in the Copyright Act, 17 U.S.C. § 401, Plaintiffs have provided Defendant with complete and proper notice of Plaintiffs' rights in the OD Copyrighted Works.

25. Among other copyright registrations, Plaintiffs own the following U.S. Copyright Registrations for the OD Copyrighted Works, attached as Exhibit C.

- No. TX 6-648-007 for Edition 58 covering 21 works published in June 2008;
- No. TX 6-662-761 for Edition 58 covering 22 works published in July 2008;
- No. TX 6-665-575 for Edition 58 covering 21 works published in August 2008;
- No. TX 6-680-142 for Edition 58 covering 21 works published in September 2008;
- No. TX 6-662-749 for Edition 58 covering 23 works published in October 2008;
- No. TX 6-664-308 for Edition 58 covering 18 works published in November 2008;
- No. TX 6-664-309 for Edition 58 covering 22 works published in December 2008;
- No. TX 6-647-241 for Edition 59 covering 20 works published in January 2009;
- No. TX 6-631-529 for Edition 59 covering 19 works published in February 2009;
- No. TX 6-647-244 for Edition 59 covering 22 works published in March 2009;
- No. TX 6-665-630 for Edition 59 covering 21 works published in April 2009;
- No. TX 6-631-518 for Edition 59 covering 20 works published in May 2009;
- No. TX 6-631-525 for Edition 59 covering 22 works published in June 2009;
- No. TX 6-685-271 for Edition 59 covering 22 works published in July 2009;
- No. TX 6-684-118 for Edition 59 covering 21 works published in August 2009;
- No. TX 6-701-938 for Edition 59 covering 21 works published in September 2009;
- No. TX 6-701-939 for Edition 59 covering 22 works published in October 2009;
- No. TX 6-702-127 for Edition 59 covering 21 works published in November 2009;
- No. TX 6-702-124 for Edition 59 covering 22 works published in December 2009;
- No. TX 6-701-924 for Edition 60 covering 20 works published in January 2010;
- No. TX 6-701-927 for Edition 60 covering 20 works published in February 2010;
- No. TX 6-703-824 for Edition 60 covering 23 works published in March 2010;
- No. TX 6-703-826 for Edition 60 covering 21 works published in April 2010;
- No. TX 6-704-578 for Edition 60 covering 20 works published in May 2010;
- No. TX 6-704-734 for Edition 60 covering 22 works published in June 2010;
- No. TX 6-705-213 for Edition 60 covering 22 works published in July 2010;
- No. TX 6-770-133 for Edition 60 covering 22 works published in August 2010;
- No. TX 6-770-132 for Edition 60 covering 22 works published in September 2010;
- No. TX 6-772-066 for Edition 60 covering 21 works published in October 2010;
- No. TX 6-779-215 for Edition 60 covering 22 works published in November 2010;
- No. TX 6-778-772 for Edition 60 covering 21 works published in December 2010;

- No. TX 6-776-062 for Edition 61 covering 21 works published in January 2011;
- No. TX 6-776-069 for Edition 61 covering 20 works published in February 2011;
- No. TX 6-779-252 for Edition 61 covering 23 works published in March 2011;
- No. TX 6-779-251 for Edition 61 covering 20 works published in April 2011;
- No. TX 6-779-316 for Edition 61 covering 21 works published in May 2011;
- No. TX 6-776-025 for Edition 61 covering 22 works published in June 2011;
- No. TX 6-782-122 for Edition 61 covering 21 works published in July 2011;
- No. TX 6-774-709 for Edition 61 covering 23 works published in August 2011;
- No. TX 6-780-004 for Edition 61 covering 22 works published in September 2011;
- No. TX 6-780-005 for Edition 61 covering 21 works published in October 2011;
- No. TX 6-782-123 for Edition 61 covering 22 works published in November 2011;
- No. TX 6-782-124 for Edition 61 covering 12 works published in December 2011;
- No. TX 6-789-069 for Edition 61 covering 9 works published in December 2011;
- No. TX 6-774-708 for Edition 62 covering 21 works published in January 2012;
- No. TX 6-786-171 for Edition 62 covering 21 works published in February 2012;
- No. TX 6-787-504 for Edition 62 covering 22 works published in March 2012;
- No. TX 6-787-503 for Edition 62 covering 20 works published in April 2012;
- No. TX 6-788-123 for Edition 62 covering 23 works published in May 2012;
- No. TX 6-788-122 for Edition 62 covering 21 works published in June 2012;
- No. TX 6-789-191 for Edition 62 covering 22 works published in July 2012;
- No. TX 6-790-253 for Edition 62 covering 23 works published in August 2012;
- No. TX 6-790-252 for Edition 62 covering 20 works published in September 2012;
- No. TX 6-790-254 for Edition 62 covering 22 works published in October 2012;
- No. TX 6-790-255 for Edition 62 covering 22 works published in November 2012;
- No. TX 7-676-538 for Edition 62 covering 20 works published in December 2012;
- No. TX 7-676-528 for Edition 63 covering 22 works published in January 2013;
- No. TX 7-744-517 for Edition 63 covering 20 works published in February 2013;
- No. TX 7-744-541 for Edition 63 covering 20 works published in March 2013;
- No. TX 7-726-260 for Edition 63 covering 22 works published in April 2013;
- No. TX 7-726-259 for Edition 63 covering 23 works published in May 2013;
- No. TX 7-726-232 for Edition 63 covering 20 works published in June 2013;
- No. TX 7-989-343 for Edition 63 covering 23 works published in July 2013;
- No. TX 7-946-126 for Edition 63 covering 22 works published in August 2013;
- No. TX 7-898-912 for Edition 63 covering 21 works published in September 2013;
- No. TX 7-991-979 for Edition 63 covering 23 works published in October 2013;
- No. TX 8-068-878 for Edition 63 covering 21 works published in November 2013;
- No. TX 8-058-300 for Edition 63 covering 21 works published in December 2013;
- No. TX 7-962-816 for Edition 64 covering 22 works published in January 2014;
- No. TX 7-990-336 for Edition 64 covering 20 works published in February 2014;
- No. TX 7-993-575 for Edition 64 covering 21 works published in March 2014;
- No. TX 7-934-103 for Edition 64 covering 21 works published in April 2014;
- No. TX 7-966-215 for Edition 64 covering 21 works published in May 2014;
- No. TX 7-982-542 for Edition 64 covering 21 works published in June 2014;
- No. TX 8-050-420 for Edition 64 covering 23 works published in July 2014;
- No. TX 8-086-895 for Edition 64 covering 21 works published in August 2014;
- No. TX 8-029-377 for Edition 64 covering 22 works published in September 2014;

- No. TX ----------- for Edition 64 covering 22 works published in October 2014 (application pending);
- No. TX 8-060-210 for Edition 64 covering 20 works published in November 2014;
- No. TX ----------- for Edition 64 covering 22 works published in December 2014 (application pending);
- No. TX 8-051-089 for Edition 65 covering 21 works published in January 2015;
- No. TX ----------- for Edition 65 covering 21 works published in February 2015 (application pending);
- No. TX ----------- for Edition 65 covering 23 works published in March 2015 (application pending);
- No. TX ----------- for Edition 65 covering 21 works published in April 2015 (application pending);
- No. TX ----------- for Edition 65 covering 20 works published in May 2015 (application pending);
- No. TX ----------- for Edition 65 covering 22 works published in June 2015 (application pending); and
- No. TX ----------- for Edition 65 covering 23 works published in July 2015 (application pending).

**C.    The Defendant's Subscription History**

26.     From on or about September 6, 2001 through to the present, Defendant has maintained a single subscription to OD and elected to receive their one (1) copy of OD via email as a PDF attachment, excluding brief periods in October 2003, May 2008 and June 2008 when Defendant's subscription to OD was suspended and/or cancelled.

27.     Since September 6, 2001 through to the present, Defendant has continued to renew its subscription to OD on an annual basis.

28.     Defendant received its final issue of OD on September 11, 2015 and elected not to renew its subscription.

**Recipients designated to receive Defendant's OD subscription**

29.     The individual initially designated by Defendant to receive the subscription to OD in September, 2001 was Ms. Angela Traylor, who received Defendant's single copy subscription to OD by delivery of a PDF attachment via email to angela.traylor@grantprideco.com. The address

recorded with Defendant's subscription was 1450 Lake Robbins Drive #600, The Woodlands, Texas 77380.

30.     On or about May 4, 2005 Defendant notified Plaintiffs of a change of address to its account. The address information for Defendant's subscription was changed to 400 North Sam Houston Parkway East #900, Houston, Texas 77060.

31.     Ms. Traylor remained the individual designated to receive Defendant's subscription to OD until about June, 2008.

32.     On or about June 16, 2008, Defendant changed the individual designated to receive OD from Ms. Traylor to Ms. Tina Scroggins, who received Defendant's single copy subscription to OD by delivery of a PDF attachment via email addressed to tina.scroggins@nov.com.

33.     Ms. Scroggins remained the individual designated to receive Defendant's subscription to OD until about March, 2015.

34.     On or about March 25, 2015 Defendant changed the individual designated to receive OD from Ms. Scroggins to Mr. Brett Chandler who receives Defendant's single copy subscription to OD by delivery of a PDF attachment via email addressed to brett.chandler@nov.com. Mr. Chandler remains the individual currently designated to receive Defendant's subscription to OD.

**The Agreement**

35.     From at least as early as September 6, 2001 through to the present, Plaintiffs transmitted to Defendant an invoice and subscription agreement on an annual basis for the renewal of the single-copy subscription to OD. By way of example, the invoice and subscription agreement for Defendant's single subscription to OD ("Agreement"), which was in effect on March 11, 2015, when Plaintiffs first learned of Defendant's unauthorized reproduction of Plaintiffs' copyrighted works, specifically states that:

9

> By payment hereof, you hereby acknowledge receipt, review and acceptance of Energy Intelligence's terms and conditions shown below.

A copy of the invoice and subscription agreement is annexed as Exhibit D.

36. The Agreement further states in part that:

> All unauthorized reproductions, or disseminations or other uses of material contained in the EIG Services shall be deemed willful infringement of EIG's copyright and/or other proprietary and intellectual property rights.
>
> *Id.*

37. Defendant, and/or its predecessor-in-interest, has accepted the terms of the Agreement as well as the subscription services provided by Plaintiffs under the Agreement.

**D.  The Defendant's Unlawful Acts**

38. On March 11, 2015, EIG employee Mr. Derrick Dent spoke on the telephone with Ms. Tina Scroggins to discuss a meeting between Plaintiffs and Defendant regarding Plaintiffs' publications. During that telephone conversation, Ms. Scroggins informed Mr. Dent that Defendant's subscription to OD is auto-forwarded by Ms. Scroggins' email to various employees of Defendant who work in Defendant's marketing department.

39. On March 13, 2015, Mr. Dent sent an email to Ms. Scroggins, notifying Ms. Scroggins that electronically forwarding the OD publication violates the terms of the subscription agreement and Plaintiffs' copyrights in the OD. In that same email, Mr. Dent also suggested that he would be happy to discuss a license that would be in keeping with the use Defendant is making of OD. (Exhibit E).

40. Upon information and belief, Defendant's email servers and computer system are highly secure and only those individuals or entities that Defendant designates may access them.

41. Upon information and belief, Defendant's email servers and computer system cannot be accessed by the general public or by Plaintiff.

42. Mr. Dent's phone call with Ms. Scroggins on or about March 11, 2015 was the first time that Plaintiffs learned that Defendant was engaged in unauthorized copying and distribution of the OD Copyrighted Works.

43. Plaintiffs have never authorized Defendant to copy, transmit or distribute the OD Copyrighted Works, including the March 11, 2015 OD Copyrighted Work, in violation of Plaintiffs' registered copyrights. Accordingly, Defendant is not authorized to copy, transmit or distribute the OD Copyrighted Works, or to authorize others to do so.

44. By unlawfully copying, transmitting and distributing the OD Copyrighted Works, Defendant has, and is, violating Plaintiffs' exclusive rights to reproduce and distribute the OD Copyrighted Works.

45. On information and belief, Defendant has been regularly and systematically reproducing and distributing the OD Copyrighted Works since at least as early as June, 2008.

46. On information and belief, Defendant's actions of reproducing and distributing the OD Copyrighted Works constitutes willful infringement of Plaintiffs' OD Copyrighted Works.

## COUNT ONE

### (COPYRIGHT INFRINGEMENT OF THE OD COPYRIGHTED WORKS)

47. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 46 above as though fully set forth herein.

48. The OD Copyrighted Works are highly original, and contain creative expression and independent analysis. (*See* Exhibit A). As such, the OD Copyrighted Works are original works copyrightable under 17 U.S.C. Section 102(a).

49. Plaintiffs own all right, title and interest to the copyrights in the OD Copyrighted Works, as separate and distinct works. (*See* Exhibit C).

50.   Copies of the OD Copyrighted Works were made available to, and were received by, Defendant pursuant to single copy subscription agreements.

51.   On information and belief, Defendant has for years willfully copied and distributed on a consistent and systematic basis, without Plaintiffs' authorization or consent, the OD Copyrighted Works, and concealed these activities from Plaintiffs.

52.   Based on the inclusion of the Copyright Notice and Warnings contained in each of Plaintiffs' publications, the language in the subscription agreements and the various warnings contained in Plaintiffs' publications, including the OD Copyrighted Works and the daily transmittal cover emails, Defendant knew and/or was on notice that the OD Copyrighted Works are protected by copyright laws, and Defendant is therefore unable to assert a defense of innocent infringement. *See* 17 U.S.C. § 401(d).

53.   Defendant's single copy subscription agreements to the OD Copyrighted Works prohibit any copying and distributing of the OD Copyrighted Works, including the March 2, 2015 OD Copyrighted Work.

54.   On information and belief, Defendant willfully infringed Plaintiffs' copyrights in the OD Copyrighted Works, by acting with knowledge that its actions constituted infringement, or at least with reckless disregard of the possibility that the conduct complained about constitutes infringement.

55.   Defendant's acts violate Plaintiffs' exclusive rights under § 106 of the Copyright Act of 1976, 17 U.S.C. § 106, as amended, and constitute willful infringement of Plaintiffs' copyrights in the OD Copyrighted Works. Defendant's past and continuing copying, transmitting and distribution of Plaintiffs' OD Copyrighted Works, constitute a willful, deliberate and ongoing infringement of Plaintiffs' copyrights and are causing irreparable harm and damage to Plaintiffs.

56.   Plaintiffs have no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment against Defendant on the foregoing claims as follows:

(1)  That Defendant, its directors, officers, agents, subsidiaries and affiliates and all persons acting by, through, or in concert with any of them, be permanently enjoined from using and infringing any copyrights of Plaintiffs in any manner, and from copying, exhibiting, transmitting, displaying, distributing or preparing derivative works from any of the copyrighted material in any past, present or future issue of OD including the OD Copyrighted Works and the articles contained therein;

(2)  That Defendant be required to pay to Plaintiffs such actual damages as they have sustained and/or statutory damages as a result of Defendant's copyright infringement pursuant to 17 U.S.C. § 504;

(3)  That Defendant be required to account for, and disgorge to, Plaintiffs all gains, profits, and advantages derived from its copyright infringement pursuant to 17 U.S.C. § 504;

(4)  That Defendant be required to pay Plaintiffs an award of statutory damages, which should be increased due to Defendant's willful infringement pursuant to 17 U.S.C. § 504(c)(2);

(5)  That the Court issue an Order requiring Defendant to hold harmless and indemnify Plaintiffs from any claim(s) raised by any third party who allegedly relied on any of Plaintiffs' publications it received as a result of Defendant's unauthorized use of Plaintiffs' copyrighted materials;

(6)  That the Court enter judgment against Defendant in favor of Plaintiffs for all claims, including pre- and post-judgment interest, as allowed by law;

(7) That the Court enter judgment against Defendant finding that its unlawful copying, transmitting, and distribution of the OD Copyrighted Works and the articles contained therein is willful;

(8) That Defendant be ordered to pay to Plaintiffs its costs in this action along with reasonable attorneys' fees;

(9) That Plaintiffs be granted such other, further and different relief as the Court deems just and proper; and

(10) That Defendant be ordered to disclose to Plaintiffs all third parties who received OD from Defendant's employee(s).

## JURY DEMAND

57. Plaintiffs hereby demand a jury trial.

                                      Respectfully submitted,

                                      Powley & Gibson, P.C.

Dated: November 16, 2015        By:  /s/ Robert L. Powley
                                      Robert L. Powley (Attorney-in-Charge)
                                      New York State Bar No. 2467553
                                      (*pro hac vice* motion to be filed)
                                      James M. Gibson
                                      New York State Bar No. 2622629
                                      (*pro hac vice* motion to be filed)
                                      Thomas H. Curtin
                                      New York State Bar No. 2122364
                                      (*pro hac vice* motion to be filed)
                                      Patrick B. Monahan
                                      New York State Bar No. 4681573
                                      (*pro hac vice* motion to be filed)

                                      POWLEY & GIBSON, P.C.
                                      304 Hudson Street, Suite 202
                                      New York, New York 10013
                                      Telephone: (212) 226 5054
                                      Facsimile: (212) 226 5085
                                      rlpowley@powleygibson.com
                                      jmgibson@powleygibson.com
                                      thcurtin@powleygibson.com
                                      pbmonahan@powleygibson.com

                                      Counsel for Plaintiffs
                                      ENERGY INTELLIGENCE GROUP, INC. and
                                      ENERGY INTELLIGENCE GROUP (UK)
                                      LIMITED